UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ANTOINE REED, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 09 CR 572 HEA |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MOTION TO CORRECT SENTENCE UNDER 28 U.S.C. § 2255

### INTRODUCTION

Petitioner, Antoine Reed, through undersigned counsel, Diane Dragan, Assistant Federal Public Defender, hereby files a motion to set aside the judgment in this case and correct his sentence pursuant to 28 U.S.C. § 2255.

On June 9, 2010, Mr. Reed pled guilty in this Court to Count 1: Possession with the Intent to Distribute Cocaine Base, Count 2: Possession of a firearm During and in Furtherance of a Drug Trafficking Crime, and Count 3 Felon in Possession of a Firearm.   After an appeal, the Court sentenced Mr. Reed in an Amended Judgment to a term of 120 months imprisonment on Count 3 after finding that he was an armed career criminal under 18 U.S.C. § 924(e) (Armed Career Criminal Act (ACCA)).   The Court sentenced Mr. Reed to a concurrent term of 120 months imprisonment on Count 1 after finding that he was a career offender.   A consecutive term of 60 months was imposed for Count 2.   The

sentences were reduced from the applicable guideline ranges based upon the filing of a 5K1.1 motion.   However, in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), Mr. Reed is no longer an armed career criminal or a career offender. Mr. Reed previously filed a successful §2255 petition in this case and currently has a request pending with the 8th Circuit to file a successive petition.   The request was filed on May 24, 2016.

**1.    Mr. Reed is no longer an armed career criminal in light of *Johnson*.**

This Court found Mr. Reed to be an armed career criminal after adopting the finding of the presentence report that he had at least three qualifying prior convictions that supported the ACCA enhancement.   Specifically, the Court found that Mr. Reed had convictions for Assault First Degree (Docket No. 971-1692); Assault Second Degree (Docket No. 98CR05792) and Knowingly Burning and Exploding (Docket No. 991-2168) that qualified as "violent felonies".

However, after *Johnson*, Mr. Reed's convictions no longer qualify as ACCA "violent felonies."   In *Johnson,* the Supreme Court struck down the ACCA's residual clause (18 U.S.C. § 924(e)(2)(B)(ii)) as unconstitutionally vague.   135 S. Ct. at 2557.

Thus, the only question here is whether Mr. Reed's Assault convictions and Knowingly Burning conviction qualify as "violent felonies" under the remaining

"enumerated offenses" clause or "force" clause of the ACCA.[1]  They do not under either clause.   Hence, Mr. Reed does not have the three necessary predicate convictions (either "violent felonies" or "serious drug offenses") to qualify him as an armed career criminal.

As a result, Mr. Reed's currently imposed sentence of 120 months on his §922(g) count is now a *per se* illegal sentence.   Allowing this sentence to remain intact further violates due process; therefore, he is entitled to relief from his ACCA sentence under 28 U.S.C. § 2255(a).

## 2.    Mr. Reed is no longer a career offender in light of *Johnson*.

This Court found Mr. Reed to be a career offender under U.S.S.G. § 4B1.1 after adopting the finding of the presentence report that his instant offense of Distribution of Crack Cocaine was a "drug trafficking offense" and that he had at least two qualifying prior convictions that supported the career offender enhancement.   Specifically, the Court found that Mr. Reed's convictions for

---

[1]    Under the ACCA, a prior offense qualifies as a "violent felony" if it is "punishable by imprisonment for a term exceeding one year" and it

(i)    has an element the use, attempted use, or threatened use of physical force against the   person of another; [known as the force clause] or

(ii)    is burglary, arson, or extortion, involves use of explosives [known as the enumerated offenses clause], *or otherwise involves conduct that presents a serious potential risk of physical injury to another* [ known as the residual clause.]

18 U.S.C. § 924(e)(2)(B) (emphasis added).

Assault First Degree (Docket No. 971-1692) and Knowingly Burning and Exploding (Docket No. 991-2168) qualified as "crimes of violence" under U.S.S.G. § 4B1.2.

However, in light of *Johnson*, Mr. Reed is no longer a career offender because his Assault 1st conviction and Knowingly Burning conviction no longer qualify as a career offender "crime of violence."

Under *Johnson*, the residual clause in the career offender provision (U.S.S.G. § 4B1.2(a)(2)), which is identical to the ACCA residual clause, is void for vagueness. Thus, the only remaining question here is whether Mr. Reed's convictions still qualify as a "crime of violence" under the "enumerated offenses" clause or "force" clause of the career offender provision.[2]   It does not under either clause.

Hence, Mr. Reed does not have the two necessary predicate convictions (either "crimes of violence" or "controlled substance offenses") to qualify him as a

---

[2]   Under the career offender provision, an offense qualifies as a "crime of violence" if it is "punishable by imprisonment for a term exceeding one year" and it

(1)   has an element the use, attempted use, or threatened use of physical force against the   person of another; [known as the force clause] or

(2)   is burglary of a dwelling, arson, or extortion, involves use of explosives [known as the enumerated offenses clause], *or otherwise involves conduct that presents a serious potential risk of physical injury to another*[ known as the residual clause.]

U.S.S.G. § 4B1.2(a) (emphasis added).

career offender, and his current sentence violates due process of law in violation of 28 U.S.C. § 2255(a).

**3.    This Court should vacate Mr. Reed's sentence on all counts under the sentencing package doctrine.**

Even if this Court finds that Mr. Reed is entitled to § 2255 relief on his ACCA claim, but not his career offender claim, this Court should still vacate Mr. Reed's entire sentence and re-sentence him on all counts.   Mr. Reed's concurrent sentences were based on one combined sentencing guideline under U.S.S.G. § 3D1.4.   Thus, all of these counts were sentenced together as a package.   In turn, this Court now has the authority under the sentencing package doctrine to unbundle the entire sentence and begin the sentencing process anew.

**4.    Mr. Reed's § 2255 motion is timely.**

Mr. Reed's petition is timely under 28 U.S.C. § 2255(f)(3) because he filed it well within one year of the Supreme Court's decision in *Johnson* – a ruling which established a "newly recognized" right that is "retroactively applicable to cases on collateral review."   Thus, Mr. Reed respectfully requests that this Court grant his § 2255 motion, vacate his current sentence, and re-sentence him on all counts.

Due to time constraints, counsel cannot, at this time, fully brief the issues presented in this petition.   Nonetheless, counsel will ask for leave to supplement this petition at a later time.

Respectfully submitted,


/s/Diane L. Dragan
DIANE L. DRAGAN
Assistant Federal Public Defender
1010 Market Street, Suite 200
St. Louis, Missouri 63101
Telephone: (314) 241-1255
Fax: (314) 421-3177
E-mail: Diane_Dragan@fd.org
ATTORNEY FOR PETITIONER


## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2016, I transmitted the foregoing Petition using the CM/ECF system, to the following ECF registrants:

Clerk of Court
Thomas Eagleton U.S. Courthouse
111 N. 10th Street
Saint Louis, MO.    63102

AUSA Tiffany Becker
111 N. 10th Street, 20th Floor
St. Louis, MO. 63102

Copy mailed to:
Mr. Antoine S. Reed
Reg. No. 36618-044
USP Coleman I
U.S. Penitentiary
P.O. Box 1033
Coleman, Florida    33521


/s/Diane L. Dragan
Assistant Federal Public Defender
Eastern District of Missouri