**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| Antoine Reed, | ) | |
| *Movant,* | ) ) ) | |
| v. | ) ) | Docket No. 4:16 CV _____ HEA |
| UNITED STATES OF AMERICA, | ) ) | Criminal Case No. 4:09CR572 HEA |
| *Respondent.* | ) ) | |

**MOTION TO STAY AND HOLD HABEAS CORPUS PETITION IN ABEYANCE PENDING CERTIFICATION TO PROCEED FROM EIGHTH CIRCUIT**

Come now Petitioner Antoine Reed, through his attorney Assistant Federal Defender Diane Dragan, who asks this Court in the interest of justice to exercise its discretion to stay and hold in abeyance the petition for habeas corpus under 28 U.S.C. §2255, which petitioner has filed on this date in this Court, pending the Eighth Circuit's ruling on his pending request for certification to proceed with this successive petition for habeas corpus based on the new constitutional rule in *Johnson v. United States*, 135 S. Ct. 2551 (2015).  In support, he submits as follows:

1. On May 24, 2016, movant filed a petition in the United States Court of Appeals for the Eighth Circuit asking permission to file a successive petition under 28 U.S.C. §2255(h)(2) and 28 U.S.C. §2244(b)(2)(A), in which to raise a claim that relies on *Johnson*, a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court.   The Eighth Circuit has not yet ruled on this request.

2.  Section 2255(f)(3) provides a one year limitation period in which to file a petition measured from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme court and made retroactively applicable to cases on collateral review."  The Supreme Court decided *Johnson* on June 26, 2015.  The one year limitations period to file a habeas corpus petition based on *Johnson*, therefore, is Monday June 27, 2016 (since the one-year anniversary falls on Sunday, June 26).  Fed. R. Civ. P. 6(a)(1)(C).

3.  Petitioner fully understands that he can only proceed with a new 2255 motion based on *Johnson* upon the Court of Appeals' certification of his right to do so under the standards established in 28 U.S.C. §2244(b)(2)(A). He has today submitted a §2255 petition in the district court purely for the purpose of satisfying the one-year limitation period in Section 2255 when the Eighth Circuit has not yet issued its ruling on his request to do so.

4.  This court has the authority to issue stays and orders to hold in abeyance including on petitions for habeas corpus.  *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). This procedure has been used in this district and others to accommodate both a prisoner's need to meet the one-year limitation period under Section 2255(f)(3) and the additional mandate of Sections 2255(h)(2) and 2244(b)(2)(A) that the relevant Court of Appeals certify that a successive petition raises a "claim [that] relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court,

2

that was previously unavailable[.]"*See, e.g.,* Ken Warren v. United States, No. 4:16CV00893 ERW, DCD#3 (granting order to hold habeas motion in abeyance pending ruling on Defendant's request to file a successive 2255 petition). This process was also uniformly used by petitioners whose requests for the Eighth Circuit's permission to file successive habeas corpus petitions based on *Miller v. Alabama*, 132 S. Ct. 2455 (2012), were pending as the one-year anniversary of that case neared. *See, e.g., Jerome Williams v. United States*, No. 4:13CV544-JCH, DCD#4 (Order granting motion to hold habeas corpus petition in abeyance pending Certification to Proceed from Eighth Circuit); *Leobardo Barraza v. United States*, No. 4:13CV1194 SNLJ, DCD#4 (same).

    5.  Petitioner's request is neither prohibited nor discouraged by *Boyd v. United States*, 304 F.3d 813 (8th Cir. 2002), which remanded for dismissal a Rule 60(b) motion it deemed equivalent to an unauthorized successive habeas petition for which Boyd had not first asked the Eighth Circuit for permission to file under the procedures in Section 2244.  Petitioner here has done precisely that which *Boyd* did not do: he has asked the Eighth Circuit to certify that he seeks to pursue a claim that relies on a new rule of constitutional law, made retroactive to cases by the Supreme Court.  Further, petitioner's motion to hold the habeas corpus petition he filed to meet the deadline in abeyance *pending* certification to proceed from the Eighth Circuit seeks to prevent any wasted effort in the district court, while simultaneously avoiding a claim of untimeliness.  The *Boyd* decision merely encouraged district courts faced with "purported Rule 60(b)

3

motions following the dismissal of habeas petitions," to file the motion, make a brief initial inquiry to determine if its allegations actually amount to a successive §2255, and then either dismiss it or transfer it to the Court of Appeals for consideration as a request to pursue such a motion.  *Id.*  The panel in *Boyd* did not address the scenario or relevant considerations posed when a defendant has in fact complied with the statutory process of first asking the Court of Appeals to certify his right to proceed, yet the request remains unanswered as the one year limitations period nears its end.

5.  None of the procedures required by Section 2255 or by Section 2244 prohibit petitioner's request to file his initial 2255 petition in the district court to comply with the one-year time limitation with a simultaneous request to hold it in abeyance pending certification of his right to proceed in the Court of Appeals.  The Supreme Court urges courts to be conscious of "practical effects" and problems in construing and applying the strictures added by the Antiterrorism and Effective Death Penalty Act, with an eye toward avoiding the creation of "procedural anomalies" that threaten to close courtroom doors close to habeas petitioners seeking review "without any clear indication that such was Congress' intent." *Panetti v. Quarterman*, 551 US 930, 946 (2007).  In fact, the Supreme Court has specifically endorsed the district court's exercise of discretion to hold federal habeas corpus petitions challenging state judgments in abeyance to permit state petitioners to return to state court to exhaust previously unexhausted claims.  *See Rhines v. Weber*, 544 U.S. 269, 276-77 (2005).

4

WHEREFORE, Petitioner respectfully asks this Court to issue an order to stay and hold in abeyance his newly filed Section 2255 petition based on *Johnson* until such time as the Eighth Circuit Court of Appeals certifies his right to proceed under Section 2244(b)(2)(A).

                                      Respectfully submitted,

                                      /s/*Diane L. Dragan*
                                      DIANE L. DRAGAN
                                      Assistant Federal Public Defender
                                      1010 Market Street, Suite 200
                                      St. Louis, Missouri 63101
                                      Telephone: (314) 241-1255
                                      Fax: (314) 421-3177
                                      E-mail: Diane_Dragan@fd.org

                                      ATTORNEY FOR MOVANT-PETITIONER

**CERTIFICATE OF SERVICE**

I hereby certify that on June 24, 2016, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Tiffany Becker, Assistant United States Attorney.

                                      /s/*Diane L. Dragan*
                                      DIANE L. DRAGAN
                                      Assistant Federal Public Defender